IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Robert William Smith, ) | Case No. 06-20375-DRD |
| and ) | |
| Jessica Marie Smith ) | Chapter 7 |
| Debtors. ) | |
| ) | |
| Henry Hancox ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. No. 06-2041 |
| ) | |
| Robert William Smith, ) | |
| and ) | |
| Jessica Marie Smith ) | |
| Defendants. ) | |

## **ORDER**

The matters before the Court are the motion for leave to amend the complaint filed by Henry Hancox ("Plaintiff") and the motion for summary judgment filed by Robert William Smith and Jessica Marie Smith ("Debtors"). For the reasons set forth below, Plaintiff's motion for leave to amend is denied as to the §727 claim and granted as to the remainder of the proposed amendments. Debtors' motion for summary judgment is denied as moot.

### **I. FACTUAL AND PROCEDURAL BACKGROUND**

Debtors filed a voluntary Chapter 7 Bankruptcy Petition on April 20, 2006.[1] On July 13, 2006, Plaintiff filed this adversary seeking to except the debt owed by Debtors to Plaintiff from discharge pursuant to §523(a)(2) and seeking return of certain allegedly secured property. On October 11, 2006, Debtors filed a motion for summary judgment wherein they assert that

---

[1] The facts recited herein are taken from the pleadings on file and are assumed true for the purpose of ruling on this motion.

Plaintiff failed to state a claim for fraud under §523(a)(2) and that Plaintiff should pursue any collateral he is entitled to in state court. Debtors' summary judgment motion is actually a motion to dismiss as it relies not on the absence of a genuine issue of material fact, but rather, on legal insufficiencies. Debtors argue that Plaintiff failed to assert that Debtors made false representations that they knew were false at the time they were made. They argue that Plaintiff must prove more than the fact that Debtors initially represented that they would comply with the terms of the contract and that they later defaulted and had the debt discharged in bankruptcy. If that were all that was needed to establish fraud under §523(a)(2), according to Debtors, then all debtors in bankruptcy would be guilty of fraud. Debtors also argue that the Court lacks jurisdiction, or at a minimum has concurrent jurisdiction with state court, over the claim for return of property because Debtors have already received a discharge, the automatic stay is no longer in place and Plaintiff is free to pursue the secured property in state court. On October 27, 2006, Plaintiff filed a motion for leave to amend the complaint and a proposed first amended complaint adding a claim for denial of discharge under §727(a)(4). Plaintiff also attempted to cure the alleged legal deficiencies raised in Debtors' summary judgment motion by amending the cause of action for fraud and the cause of action for return of certain secured property. Debtors oppose the motion for leave to amend to the extent it proposes to add a §727 claim because the deadline for objecting to discharge was July 17, 2006 and the claim does not relate to postpetition transactions.

      The complaint alleges that Plaintiff and Debtors entered a contract wherein Plaintiff sold Debtors Hancox Enterprises, Inc. d/b/a A-1 Express Taxi & Limo Service. Debtors allegedly made a down payment and six monthly payments required by the contract before they defaulted. Each of the three counts included in the first amended complaint is based on the contract for sale

2

and related promissory note allegedly executed by the parties. The first cause of action plead in the proposed first amended complaint alleges that Debtors committed fraud and that the debt incurred by Debtors pursuant to the contract should be deemed non-dischargeable pursuant to § 523(a)(2).

The second cause of action alleges that Debtors failed to disclose true and accurate information in their bankruptcy schedules, that they failed to provide accurate information to the trustee, that they made a false oath and that they failed to satisfactorily explain any loss of assets or deficiency of assets to meet their liabilities and that they should be denied a discharge pursuant §727(a)(4).

The third cause of action seeks an order requiring Debtors to return certain property which Plaintiff alleges is secured and that he is legally entitled to receive.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a) applies to adversary proceedings in bankruptcy via Bankruptcy Rule 7015 and provides in pertinent part:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P.15(a).

Motions for leave to amend are to be freely granted. Fed.R.Civ.P. 15(a); *City of Columbia v. Paul N. Howard Co.*, 707 F.2d 338, 341 (8th Cir.), *cert. denied*, 464 U.S. 893 (1983); *Boan v. Damrill (In re Damrill)*, 232 B.R. 767, 772 (Bankr. W.D.Mo.1999). Whether or not leave should be granted is within the court's sound discretion. *Damrill*, 232 B.R. at 772 *citing Foman*

3

*v. Davis*, 371 U.S. 178, 181 (1962). Courts construing Rule 15(a) consistently state that, in the absence of an apparent reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or other similar reasons, leave should be freely given. *Foman*, 371 U.S. at 182; *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir.1989).

 Had Plaintiff's motion for leave to amend the complaint been filed before the expiration of the deadline for filing objections to discharge, the Court would have likely been guided by the liberal approach to granting amendments as set forth in Rule 15(a) and the case law interpreting this rule. However, this was not the case. Plaintiff's motion was filed after the time limit had passed. In a chapter 7 case, Federal Rule of Bankruptcy Procedure 4004(a) governs the time limit for filing objections to discharge and states as follows:

> (a) Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed. In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under §727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to §341(a).

Fed.R.Bank.P.4004.

In this case, the first meeting of creditors was scheduled for May 17, 2006. Accordingly, the deadline for filing objections to discharge was July 17, 2006. A party may seek an extension of time to file an objection to discharge; however, pursuant to Federal Rule of Bankruptcy Procedure 4004(b), this request must be made prior to the expiration of the initial deadline. Because Plaintiff's motion for leave to amend was filed after the expiration of the deadline, the only way the first amended complaint could be deemed timely is if it "related back" to the objection contained in the original complaint. *See Damrill*, 232 B.R. at 772. The relation back of

4

amendments is governed by Federal Rule of Bankruptcy Procedure 15(c) which states in relevant part:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of original pleading when. . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

Fed.R.Civ.P. 15(c).

Rule 15(c), like 15(a), is to be liberally construed so as to alleviate harsh decisions and allow matters to be determined on their merits rather than on technicalities. *Damrill*, 232 B.R. at 772. However, in contrast to the liberal application of Rule15(a) and (c), Bankruptcy Rule 4004 is to be strictly construed. *Id. citing KBHS Broadcasting Co. Inc. v. Sanders (In re Bozeman)*, 226 B.R. 627, 630 (B.A.P. 8th Cir.1998). " The strict application of Rule 4004 is reflected in the bankruptcy courts' tendency to take a cautious and critical approach to untimely amendments to objections to discharge or claims of dischargeability." *Id. citing Pan American World Airways v. Chiasson (In re Chiasson)*, 183 B.R. 293, 295 (Bankr.M.D.Fla.1995) (observing that Rule 4004 is stricter than Rule 15(c) and refusing to accept untimely amendments that provided additional support for original §727(a)(4)(A) objection and added an additional §727 claim). "Absent good cause, new grounds for objecting to a discharge cannot be added even where 'closely akin' to what has already been alleged, after the time for such objections has expired." *Damrill,* 232 B.R. at 773 *citing Chaudhry v. Ksenzowski (In re Ksenzowski)*, 56 B.R. 819, 830 (Bankr. E.D.N.Y.1985) (refusing to allow amendments that, although based on same factual situation alleged in the original complaint, attempted to state additional grounds for a denial of discharge under §727).

5

Here, the §727 claim, designated by Plaintiff as the second cause of action in the proposed first amended complaint, is based on Debtors' alleged failure to fully and accurately disclose information in their schedules. The claim is based on a different legal theory than those plead in the original complaint and would require different facts to substantiate; therefore, it cannot "relate back" to the original complaint. Because it cannot "relate back" and it was untimely, the Court cannot grant Plaintiff leave to add the §727 claim. However, because Rule 15(a) and case law requires a liberal approach to granting parties leave to amend, and because Plaintiff apparently has no objection to the Court granting the remainder of Plaintiff's proposed first amended complaint, the amendments to the remaining causes of action will be granted.

Debtors motion for summary judgment, which as previously noted is actually a motion to dismiss, is directed to specific legal deficiencies contained in the original complaint, some of which may be different based on the amendments included in the first amended complaint. Because the Court is partially granting Plaintiff's motion for leave to amend the complaint, and because Debtors did not assert that they thought the amendments would be futile due to their failure to cure the alleged deficiencies contained in the initial complaint, Debtors' motion for summary judgment, based on the initial complaint, is moot. Debtors shall have ten (10) days from the date of this order to respond to the first amended complaint.

For all the above reasons, the Court denies Plaintiff's motion for leave to amend the complaint as to the § 727 claim contained in the third cause of action, grants Plaintiff leave to amend as to the remaining causes of action, and denies Debtors' motion for summary judgment as moot. Plaintiff shall have ten (10) days from the date of this order to file an amended complaint consistent with the Court's order and Debtors shall have ten (10) days from the date the first amended complaint is filed to file their response.

DATED:     December 8, 2006                    /s/ Dennis R. Dow
                                          HONORABLE DENNIS R. DOW
                                          UNITED STATES BANKRUPTCY JUDGE

Copies to:
Gwen Froeschner Hart
George S. Smith